UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SOUTHERN OPERATORS HEALTH FUND,

     Plaintiff,

v.

THOMAS J. HENRY LAW, PLLC; and,
WILLIAM ERKHART,

     Defendants.

Case No.: 3:24-cv-

## **COMPLAINT**

The Southern Operators Health Fund ("Fund") brings this action against the law firm Thomas J. Henry Law, PLLC ("Law Firm") and William Erkhart ("Erkhart") pursuant to the Employee Retirement Income Security Act ("ERISA") to collect Fund assets being wrongfully withheld by Law Firm and Erkhart.

1.     Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1337, as the Fund is seeking equitable relief under 29 U.S.C. § 1132(e)(1) against Law Firm and Erkhart.

2.     Venue is proper because the Fund is administered in this judicial district and the governing Fund documents designate this as the proper venue. 29 U.S.C. § 1132(e)(2).

3.     The Fund is a self-funded Taft-Hartley employee welfare benefit plan as that term is defined at 29 U.S.C. § 1002(1). The Fund may sue as an entity, 29 U.S.C. § 1332(d)(2).

4.     The Fund is established and maintained pursuant to ERISA for the exclusive purpose of providing medical and related benefits to the participants after payment of administrative and other reasonable expenses.

1

5.      William Erkhart is a resident of Texas and, at all times relevant, has been a "participant" in the Fund as that term is defined at 29 U.S.C. § 1002(7). As such, he and his covered dependents were eligible to receive payment of certain medical expenses and other benefits under the terms of the plan.

6.      The Fund is governed in accordance with a written plan document, 29 U.S.C. § 1102, and the plan document for the Fund at Article V, Section 10 describes a procedure for administration that requires full reimbursement by a participant or covered beneficiary if the Fund makes a payment on behalf of the participant or beneficiary for an injury, illness or other condition for which another person or insurance carrier may be liable to the participant or beneficiary.

7.      On or about August 16, 2023, Erkhart was involved in an automobile accident, as a result of which he suffered various injuries and required medical care.

8.      On or about December 1, 2023, Erkhart and an attorney signed a written Agreement with the Fund ("Agreement") in which they expressly recognized the Fund's rights as expressed in Section 10, and also contractually committed that as a condition of the Fund paying medical expenses for injuries sustained in the automobile accident, the Fund would be reimbursed to the extent another person or insurance carrier may be liable to Erkhart. A copy of the Agreement is attached hereto as **Exhibit A**.

9.      Erkhart thereafter made various claims for medical benefits to the Fund related to his injuries, and the Fund ultimately paid $113,993.75 in benefits to medical providers on his behalf for treatment of injuries received as a result of the automobile accident. The payments were made under terms of the plan document and the Agreement, and on the condition that Erkhart and/or his attorney would repay the Fund should he recover funds from another person

2

or insurance carrier.  This result is necessary to avoid a double recovery by a Fund participant, such as Erkhart, from both the Fund and a third party for covered medical expenses.

10.     Law Firm is a professional corporation domiciled in the State of Texas, which provides legal services primarily in the area of personal injury law.

11.     Upon information and belief, Erkhart retained Law Firm to seek a recovery for his injuries as a result of the automobile accident.

12.     Representatives of Law Firm and the Fund communicated on several occasions about the Fund's right of reimbursement.  By letter dated February 26, 2024, and on multiple occasions thereafter, the Fund advised Law Firm that it was asserting its right to full reimbursement of the $113,993.75 it had paid.

13.     Upon information and belief, either through litigation or pre-litigation negotiation, Erkhart, through the Law Firm, has secured a monetary recovery of $60,000 from persons or entities that may have been liable to him for the injuries he received as a result of the accident.

14.     Upon information and belief, Erkhart received a portion of the $60,000 and deposited the portion into a bank account controlled by him and which has not been reduced to a zero ("$0") balance; alternately, Law Firm is currently holding up to $60,000 of the total settlement proceeds in the law firm's trust account which has not been reduced to a zero ("$0") balance.

15.     The Fund enjoyed an equitable lien in the amount of $113,993.75 which attached to the $60,000 recovery immediately upon tender to Erkhart and/or Law Firm.

16.     Despite acknowledging the Fund's interest in the $60,000, Erkhart and Law Firm have, to date, disregarded the Fund's right of recovery.

17. Pursuant to 29 U.S.C. § 1132(a)(2) and (3), the Fund may obtain appropriate equitable relief to enforce the provisions of the written plan document requiring reimbursement.

18. The plan document creates a right of recovery, reimbursement, and subrogation that inures to the Fund, and an equitable lien by agreement attached to the $60,000.

19. Further, the terms of the Fund's governing documents, make the $60,000 a Fund asset at the time they were received and make Law Firm and Erkhart fiduciaries of those Fund assets while they are in possession of the monies.

20. The actions of Law Firm and Erkhart violate the terms of the plan document and the Agreement, as well as their fiduciary duties related to the Fund assets in their possession.

21. By this action, the Fund seeks to recover specifically identifiable funds that are in the constructive possession and legal control of the Law Firm and/or Erkhart.

WHEREFORE, the Fund prays for the following relief:

(1) An order imposing a constructive trust over the $60,000 in the possession of Law Firm and/or Erkhart;

(2) An order enjoining Law Firm and Erkhart from wasting or otherwise diminishing the funds in question;

(3) An order requiring equitable restitution to the Fund by Law Firm and Erkhart of the $60,000 wrongfully withheld from the Fund;

(4) An order requiring Law Firm and Erkhart to restore the $60,000 to the Fund, to disgorge any profits from their fiduciary breaches, or other such order to fulfil the purposes of 29 U.S.C. §§ 1104, 1109;

(5) An award of costs and attorneys' fees against Law Firm and Erkhart as allowed by 29 U.S.C. § 1132(g); and

4

(6)     Such other relief the Court deems just and proper under the circumstances.

Respectfully submitted,

  */s/ R. Jan Jennings*
R. Jan Jennings, BPR No. 1536
Michael C. Iadevaia, BPR No. 041622
**Stranch, Jennings & Garvey, PLLC**
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
Tel. (615) 254-8801
Email:  jjennings@stranchlaw.com
Email : miadevaia@stranchlaw.com